OPINION SUR DENIAL OF PETITION FOR REHEARING
GARTH, Circuit Judge, Sur denial of Petition for Rehearing.
As a senior judge, I may only vote for panel rehearing but I have not done so here because I recognize that the panel majority is committed to its position. Unfortunately, the Court has not voted for rehearing in this case. I regret that the Court has not seen fit to amplify and clarify the qualified immunity standard particu *391 larly as it pertains to the second prong of that analysis, i.e., the “clearly established” prong.
My dissenting panel opinion assumed that a constitutional right had been violated, but I qualified that assumption in my dissent because of the peculiar nature of the factual context involved: does the Fourth Amendment right involving seizure apply to the shooting by a police officer of an unleashed, uncontrolled Rottweiler dog running at large? My much more serious concern was the failure of the panel to announce a standard for the second prong of the qualified immunity test — ie., how does the bench and the bar know when even an undisputed and unchallenged violation of a constitutional right has been “clearly established?”
I have suggested in my panel dissent a standard which I had hoped the Court would adopt because it not only has the authority of the Second Circuit behind it, see Horne v. Coughlin, 155 F.3d 26, 29 (2d Cir.1998), but because it makes sound sense. We approached some aspects of the “clearly established” standard in Judge Roth’s recent opinion, Doe v. Delie, 257 F.3d 309 [3d Cir.2001]. However, neither the “clearly established” standard nor the parameters of that standard were ever articulated as such. Accordingly, I am disappointed that having had an opportunity [and I believe an obligation] to do so, the entire Court has now faded to discharge its responsibility in this respect. It is primarily for that reason I wrote and filed my panel dissent and that I have written and filed the within statement Sur denial of Officer Eberly’s Petition for Rehearing.